**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CYNTHIA M. YODER, ET AL., | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| WELLS FARGO HOME MORTGAGE, | : | NO. 11-07503 |
| Defendant. | : | |

**M E M O R A N D U M**

STENGEL, J.                                                          December 17, 2012

Pro se Plaintiffs, Rance and Darlene Strunk and their daughter, Cynthia Yoder,

filed this action against Defendant, Wells Fargo Home Mortgage, asserting claims under

the Truth in Lending Act (TILA), the Real Estate Settlement Procedures Act (RESPA)

and Age Discrimination.  After Plaintiffs filed an Amended Complaint, the Defendant

filed this second motion to dismiss.  For the reasons stated below, I will grant the

motion.[1]

### I.      Background

On November 7, 2011, Plaintiffs, proceeding pro se, initiated the action against

Wells Fargo.  Wells Fargo then removed the action to District Court and filed a motion to

dismiss the Complaint.  In my March 7, 2012 Order, I dismissed the Complaint without

prejudice and instructed the Plaintiffs to seek appropriate legal representation.[2]

---

[1] I will also grant Defendant's motion to strike Plaintiffs' "Brief in Support of Notice of Determination" (Doc. No. 20) and "Praecipe for Determination" (Doc. No. 19) as these filings contain no viable legal argument and fail to articulate any allegations or requested relief.  Finally, I will deny Plaintiffs' motion for sanctions (Doc. No. 24), as it contains no viable argument for why Defendant should be sanctioned for any conduct in which it engaged.

[2] At the time, Cynthia Yoder, the Plaintiffs' daughter, appeared to be attempting to represent the Plaintiffs on the basis of a power of attorney she received from them.  However, Yoder is not authorized to practice law.  See

Additionally, I instructed the Plaintiffs to re-file only if they could comply, in good faith under Rules 8 and 10 of the Federal Rules of Civil Procedure.  Plaintiffs filed their Amended Complaint on April 12, 2012.  Rather than claim to represent her parents, Yoder made herself a party to the action.

Defendant filed its motion to dismiss on April 27, 2012, claiming that Yoder does not have standing to pursue the action alongside her parents and that her attempt to do so remained the unauthorized practice of law.  The motion to dismiss also argues the Amended Complaint fails to state a plausible claim under Rule 12(b)(6) and fails to include a short and plain statement of the claims under Rule 8.

The Court conducted a settlement conference with the parties on July 20, 2012, and encouraged the parties to take action to resolve the matter without further legal action.  Plaintiffs subsequently notified the Court that they had hired an attorney. Following a status conference on September 18, 2012, it was determined that counsel for the Plaintiffs was not representing them in the current litigation and was not a licensed Pennsylvania attorney.  Defendant renewed its motion to dismiss, after unsuccessful attempts to settle the case.  I will grant Defendant's motion to dismiss with prejudice.

## II.    Standard

A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (quoting Conley v. Gibson, 355 U.S. 41,

---

Radogna v. Williams Twp., 331 Fed. Appx. 962 (3d Cir. 2009); Leyfert v. Pa. House of Representatives, 2005 U.S. Dist. LEXIS 32498 (E.D. Pa. Dec. 13, 2005); Kohlman v. Western Pa. Hosp., 652 A2d 849 (Pa. Super. Ct. 1994).

47 (1957)).  A complaint need not contain detailed factual allegations, but a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief as prescribed by Rule 8(a)(2).  Id. at 1965; Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).  A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, Erickson v. Pardus, 551 U.S. 89 (2007), and all reasonable inferences permitted by the factual allegations, Watson v. Abington Twp., 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most favorable to the plaintiff, Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007).  The court is not, however, "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation."  Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (quotations and citations omitted).  If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss.  Bell Atlantic Corp., 127 S. Ct. at 1965, 1974; Victaulic Co. v. Tieman, 499 F.3d 227, 234-35 (3d Cir. 2007).

When presented with a pro se complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged.  Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003); Youse v. Carlucci, 867 F. Supp. 317, 318 (E.D. Pa. 1994).  Such a complaint "must be held to less stringent

standards than formal pleadings drafted by lawyers." <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).[3]

## III.   Discussion

I am well-aware of the need to construe this pro se complaint liberally.  See <u>Erickson</u>, 127 S. Ct. at 2200.  However, even with the most generous read, Plaintiffs' Amended Complaint suffers insurmountable deficiencies.[4]  Plaintiffs' eleven claims including "Breach of Contracts," "Escrow," and "Profits" and the attached documents do not suffice to state a claim against Defendant under any law.  A plaintiff must state facts in his complaint, not merely legal "labels and conclusions," to withstand a motion to dismiss.  <u>Twombly</u>, 127 S. Ct. at 1965.  Although it is difficult to recognize from Plaintiffs' Amended Complaint any facts to support the relief sought, Plaintiffs are seeking an outside audit of Defendant, an injunction against all past and present credit reporting, and reimbursement and release from liability under the mortgage agreement.

Plaintiffs' Amended Complaint does not satisfy Rule 8 of the Civil Rules of Procedure and cannot survive a motion to dismiss for failure to state a claim under 12(b)(6).[5]  In order to comply with Rule 8, a Complaint must contain at least a modicum

---

[3] It is important to note that the *pro se* Amended Complaint is difficult to understand.  Interpreting those claims Plaintiffs are intending to assert, has likewise, proven to be difficult.  In "liberally construing" the Amended Complaint, I have considered all of Plaintiffs' causes of action and construed any facts and law pleaded in the Amended Complaint in the light most favorable to the Plaintiffs.

[4] Pro se litigants are not free to ignore the Federal Rules of Civil Procedure.  <u>Klein v. U.S. Bank</u>, 2010 U.S. Dist. LEXIS 128328 (M.D. Pa. Nov. 15, 2010).

[5] Additionally, the history of the case suggests that Yoder is still attempting to vindicate certain injuries that are not her own.  This failure of pleading leaves Yoder without standing to sue.  The Supreme Court, in <u>Lujan v. Defenders of Wildlife</u>, set forth three requirements for constitutional standing in the federal courts.  However, I need only address the first: that "the plaintiff must have suffered an injury in fact--an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical."  504 U.S. 555,

of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the complaint is not frivolous and a defendant has adequate notice to frame an answer.  Frazier v. Southeastern Pennsylvania Transp. Auth., 785 F.2d 65, 68 (3d Cir. 1986).  The Amended Complaint contains vague and seemingly random citations to Pennsylvania and Federal law.  Plaintiffs allege no facts in the Amended Complaint, and merely attach hundreds of pages of exhibits without explanation.  In Count 2, for example, Plaintiffs assert a claim under the title "Late Fees," but do not explain why any late fees were improperly charged.  Additionally, Count 4 alleges that Plaintiffs paid taxes on various dates, but contains no facts as to anything Defendant may have done that violated any laws or any of Plaintiffs' rights with respect to the taxes.

The complete lack of facts, when taken in the light most favorable to the Plaintiffs, is insufficient to provide fair notice to the Defendant of what it is being charged with and to enable it to formulate a defense.  Additionally, none of the exhibits attached to the Amended Complaint or the original Complaint shed light on the Plaintiffs proposed claims.  Plaintiffs have failed to cure the deficiencies, which I pointed out in my previous Order.  Moss v. United States, 329 Fed. Appx. 335 (3d Cir. 2009) (holding that a court may not dismiss the complaint pursuant to Rule 8(a) without first giving the litigant an opportunity to amend the defective pleading, and finding that dismissal with prejudice was proper because the District Court did afford the pro se plaintiff the opportunity and she failed to correct the deficiencies).

560 (1992); accord Pa. Prison Soc. v. Cortes, 508 F.3d 156, 160-61 (3d Cir. 2007).  Here, there is no indication that Yoder is even party to the mortgage agreement or the loan modification.

**IV.      Conclusion**

Because the Court has already granted Plaintiff leave to amend and finds that there are no facts Plaintiffs could prove in support of their claims, I find that it is futile for them to be afforded yet another opportunity to amend, and I will dismiss the Amended Complaint with prejudice.  See Rhett v. N.J. State Superior Court, 260 Fed. Appx. 513 (3d Cir. 2008); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

An appropriate Order follows.